# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

September 15, 2016

LETTER TO COUNSEL

RE:   *Richard Mark Hambleton v. Commissioner, Social Security Administration*;
     Civil No. SAG-15-2897

Dear Counsel:

On September 24, 2015, Plaintiff Richard Mark Hambleton petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB").  (ECF No. 1).  I have considered the parties' cross-motions for summary judgment, and Mr. Hambleton's reply.  (ECF Nos. 16, 19, 20).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2016).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Mr. Hambleton protectively filed a claim for DIB benefits on July 5, 2012, alleging a disability onset date of June 15, 2012.  (Tr. 91).  His claim was denied initially and on reconsideration.  (Tr. 106-09, 113-16).  A hearing was held on April 16, 2014, before an Administrative Law Judge ("ALJ").  (Tr. 39-79).  Following the hearing, the ALJ determined that Mr. Hambleton was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 16-38).  The Appeals Council denied Mr. Hambleton's request for review.  (Tr. 1-5).  Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Hambleton suffered from the severe impairments of lumbar degenerative disc disease, obesity, depression, and anxiety.  (Tr. 21).  Despite these impairments, the ALJ determined that Mr. Hambleton retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except postural activities are all occasional, but there should be no climbing of a ladder, rope, or scaffold; and should avoid concentrated exposure to temperature extremes, hazards, defined as heights and moving machinery, and vibrations.  Non-exertionally, he is limited to simple unskilled work, work not performed at a production pace, meaning paid by the piece or working at an assembly line; and low stress work, meaning only occasional changes in the work setting.

*Richard Mark Hambleton v. Commissioner, Social Security Administration*
Civil No. SAG-15-2897
September 15, 2016
Page 2

(Tr. 23-24).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Hambleton could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 31-32).

On appeal, Mr. Hambleton contends that the ALJ's analysis of Listing 1.04A failed to comport with the requirements of *Radford v. Colvin,* 734 F.3d 288 (4th Cir. 2013).  On this record, I agree that remand is warranted for further analysis.  In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Hambleton was not entitled to benefits was correct or incorrect.

The ALJ identified Listing 1.04, and included the following analysis:

> The claimant's spinal disorders fail to meet the criteria of section 1.04 in that there is no compromise of a nerve root or the spinal cord.  Nor is there any evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation or motion of the spine, or motor loss accompanied by sensory or reflex loss and there is no positive straight-leg raising test.  There is no spinal archnoiditis [sic], confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours.  The claimant does not have lumbar spinal stenosis resulting in pseudoclaudication, established by finding on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively, as defined in section 1.00B2b.

(Tr. 22).  It is clear that the ALJ believed there to be ample evidence to identify and discuss each subsection of Listing 1.04, including Listing 1.04A.  Thus, I disagree with Mr. Hambleton's assertion that the ALJ erroneously added additional criteria to the requirements of 1.04A by discussing the requirements of the other subsections.

However, as to Listing 1.04A, several of the ALJ's factual assertions are inaccurate.  Mr. Hambleton cites specific record evidence that arguably demonstrates nerve root compression, weakness, numbness, tingling, and loss of range of motion.  Pl. Reply 10, (Tr. 347, 527, 540-41, 681, 683, 689, 695, 700, 831, 849, 922).  There is also evidence of positive straight-leg raising tests, and both motor loss and sensory or reflex loss.  (Tr. 25, 357, 486, 651, 831, 849, 916).  The Commissioner makes several arguments that could potentially explain the ALJ's conclusion that Listing 1.04A is not met, such as whether the positive straight-leg raising tests were conducted in the sitting and supine positions and whether the motor loss was sufficiently "accompanied by" the sensory or reflex loss.  Def. Mot. 6-8.  Ultimately, however, since the ALJ simply and erroneously asserted an absence of evidence instead of explaining her evaluation of the existing evidence, I am unable to review her opinion to determine whether her conclusion is adequately supported.  Moreover, I note that if the factual record is unclear as to the method of conducting

*Richard Mark Hambleton v. Commissioner, Social Security Administration*
Civil No. SAG-15-2897
September 15, 2016
Page 3

the straight-leg raising tests, and if this issue is potentially determinative within the ALJ's analysis on remand, the ALJ may not simply speculate that the testing was insufficient, as suggested by the Commissioner. Instead, the ALJ should contact the treating physician for clarification. *See* SSR 96-5p, 1996 WL 374183, at*5 (July 2, 1996).

For the reasons set forth herein, Mr. Hambleton's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge